## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | | |
|---|---|---|
| LAYNE E. LOCKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| vs. | ) | |
| | ) | |
| BERNER FOOD & BEVERAGE, LLC, | ) | |
| | ) | **JURY DEMANDED** |
| Defendants. | ) | |

### COMPLAINT AND JURY DEMAND

NOW COMES the Plaintiff, LAYNE E. LOCKE, by and through her attorneys, BARRICK, SWITZER, LONG, BALSLEY & VAN EVERA, and for her Complaint against the Defendant, BERNER FOOD & BEVERAGE, LLC, states as follows:

### Preliminary Statement

1.      This is an action for violations of the Family and Medical Leave Act of 1993, Title VII of the Civil Rights Act of 1964, and the Illinois Human Rights Act.

### Parties

2.      Layne E. Locke ("Locke") is an individual residing in Stephenson County, Illinois.

3.      Berner Food and Beverage, LLC ("Berner Food"), is a limited liability corporation that has more than 25 employees, with its principal place of business located at 2034 East Factory Rd, Dakota, IL 61018.

4.      The claims asserted herein arise from Plaintiff's prior employment with Berner Food.

**Jurisdiction**

5.      This Court has original jurisdiction over this case as this Complaint is predicated on violations of Title VII and Family and Medical Leave Act, and violations of the Illinois Human Rights Act.  A 90 day right to sue notice was issued by the EEOC on or about June 7, 2019.

**Venue**

6.      Venue is proper in this Court under 28 U.S.C. 1391(b)(2) as a substantial part of the events giving rise to the claims asserted herein occurred in the Northern District of Illinois.

**Facts Common to all Counts**

7.      Locke was previously employed with Berner Food as of April 21, 2017, and her employment position prior to termination was as a staffing coordinator.

8.      During her employment with Berner Food, Locke became pregnant in July of 2017.

9.      During the time of her pregnancy, Locke's supervisor, Ed Wood, made inappropriate and discriminatory remarks regarding her pregnancy.

10.      On March 30, 2018, Locke formally went on maternity leave pursuant to FMLA, which included a period of short term disability.

11.      On April 3, 2018, Locke gave birth to her child.

12.      While Locke was on maternity leave, a receptionist replaced Locke's staffing coordinator position on a temporary basis, and an individual was hired temporarily for the receptionist's position.

13.      Prior to Locke's maternity leave, she was told by her Berner Food that that these employee moves were temporary, and that her position would be restored once she returned from maternity leave.

14.     Toward the end of Locke's maternity leave, she contacted Ed Wood on June 6, 2018, about returning to her staffing coordinator position.

15.     Locke met with Ed Wood on June 7, 2018, who informed Locke that her position was no longer available, and offered her the employment position as a production worker, which was not equivalent in terms of working conditions, duties, responsibilities, and skills.

16.     Locke declined this employment position due to it not being equivalent to her prior position, and was subsequently terminated from her employment with Berner Food effective June 25, 2018.

17.     Locke was not provided with a severance package when she was terminated.

18.     Locke was provided a termination letter from Berner Food on June 11, 2018, that stated her termination was not related to personal performance.

19.     Locke's termination was blamed on reorganization and budget control, however Locke learned that the receptionist that temporarily replaced her position was now in that position permanently.

**<u>COUNT I - Violation of Family and Medical Leave Act of 1993</u>**

20.     Plaintiff restates and re-alleges the allegations contained in paragraphs 1-19 of the Complaint and incorporates those allegations as if fully set forth herein.

21.     29 CFR § 825.214 of the FMLA states "On return from FMLA leave, an employee is entitled to be returned to the same position the employee held when leave commenced, or to an equivalent position with equivalent benefits, pay, and other terms and conditions of employment. An employee is entitled to such reinstatement even if the employee has been replaced or his or her position has been restructured to accommodate the employee's absence."

22.     29 CFR § 825.214 of the FMLA further states an equivalent position "…is one that is virtually identical to the employee's former position in terms of pay, benefits and working conditions, including privileges, perquisites and status. It must involve the same or substantially similar duties and responsibilities, which must entail substantially equivalent skill, effort, responsibility, and authority."

23.     That in direct violation of the Family Medical and Leave Act of 1993, Berner Food committed one or more of the following intentional acts or omissions:

  a.   Failed to reinstate Plaintiff to her original employment;

  b.   Failed to reinstate Plaintiff to a position equivalent to her original employment position;

  c.   Otherwise performed acts or omissions in violations of the FMLA.

24.     That based on Berner Food's actions in this matter, there has been a clear violation of the Family Medical and Leave Act of 1993.

WHEREFORE, Plaintiff, LAYNE E. LOCKE, respectfully requests this Honorable Court enter an Order awarding Plaintiff in excess of $50,000.00 in compensatory damages, back and front pay, punitive damages based on Berner Food's malice or reckless indifference, and attorney's fees/costs.

## COUNT II - Violation of Title VII of the Civil Rights Act of 1964

25.     Plaintiff restates and re-alleges the allegations contained in paragraphs 1-24 of the Complaint and incorporates those allegations as if fully set forth herein.

26.     42 U.S.C. § 2000e(k) states that **"**The terms 'because of sex' or 'on the basis of sex' include, but are not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions…"

4

27.     That in direct violation of 42 U.S.C. § 2000e-2(a), Berner Food discriminated against Plaintiff, on the basis of sex, by performing one or more of the following intentional acts or omissions:

> a.  Discriminating against Plaintiff with respect to her compensation, terms, conditions, or privileges of employment, because of her sex.
>
> b.  Limiting, segregating, or classifying Plaintiff in any way which would deprive or tend to deprive his employment opportunities or otherwise adversely affect her status as an employee, because of her sex;
>
> c.  Otherwise discriminated against Plaintiff in violation of Title VII.

28.     That based on Berner Food's actions in this matter, there has been a clear violation of Title VII of the Civil Rights Act of 1963.

WHEREFORE, Plaintiff, LAYNE E. LOCKE, respectfully requests this Honorable Court enter an Order awarding Plaintiff in excess of $50,000.00 in compensatory damages, back and front pay, punitive damages based on Berner Food's malice or reckless indifference, and attorney's fees/costs.

## COUNT III - Violation of the Illinois Human Right Act

29.     Plaintiff restates and re-alleges the allegations contained in paragraphs 1-28 of the Complaint and incorporates those allegations as if fully set forth herein

30.     775 ILCS 5/2-102(J)(4) states "No employer shall fail or refuse to reinstate the employee affected by pregnancy, childbirth, or medical or common conditions related to pregnancy or childbirth to her original job or to an equivalent position with equivalent pay and accumulated seniority, retirement, fringe benefits, and other applicable service credits upon her signifying her intent to return or when her need for reasonable accommodation ceases, unless the

employer can demonstrate that the accommodation would impose an undue hardship on the ordinary operation of the business of the employer."

31.     That in direct violation of the Illinois Human Right Act, Berner Food committed one or more of the following intentional acts or omissions:

      a.   Failed to reinstate Plaintiff to her original employment;

      b.   Failed to reinstate Plaintiff to a position equivalent to her original employment position;

      c.   Otherwise performed acts or omissions in violations of the Illinois Human Rights Act.

32.     That based on Berner Food's actions in this matter, there has been a clear violation of the Illinois Human Rights Act.

33.     WHEREFORE, Plaintiff, LAYNE E. LOCKE, respectfully requests this Honorable Court enter an Order awarding Plaintiff in excess of $50,000.00 in compensatory damages, back and front pay, and attorney's fees/costs.

## **JURY DEMAND**

Plaintiff, LAYNE E. LOCKE, hereby requests a trial by jury pursuant to Federal Rule of

Civil Procedure 38(b) on all issues so triable.

LAYNE E. LOCKE, PLAINTIFF


By: /s/ Mohit Khare
       Mohit Khare


Mohit Khare
Barrick, Switzer, Long, Balsley & Van Evera, LLP
6833 Stalter Drive
Rockford, IL, 61108
815-962-6611
mkhare@bslbv.com